**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **22-cr-369** |
| | : | |
| **v.** | : | |
| | : | |
| **VLADISLAV OSIPOV,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S NOTICE OF FILING BY DEFENDANT WHO HAS NOT
SUBMITTED HIMSELF TO THE JURISDICTION OF THE COURT**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully notifies the Court that Defendant Vladislav Osipov ("Defendant") has filed a Motion to Dismiss the Indictment (ECF No. 8) (the "Motion") despite the fact that he remains a fugitive outside the United States and has not submitted himself to the personal jurisdiction of the Court. In light of this circumstance, the Government requests the Court issue an order clarifying whether the Government is required to respond to Defendant's Motion.

The Defendant was indicted on November 15, 2022, on one count of Conspiracy to Defraud the United States and to Commit Offenses Against the United States, seven counts of violating the International Emergency Economic Powers Act, and six counts of money laundering (the "Indictment"). The Indictment was unsealed on January 20, 2023. The Defendant, a Swiss national who resides in Switzerland, has not waived extradition or otherwise appeared in Court to be arraigned; and he has not otherwise submitted himself to the personal jurisdiction of the Court.

Because the defendant is not yet in custody and has not submitted himself to the jurisdiction of the Court, the Government would not typically respond to substantive motions filed in the case. *Dawkins v. Mitchell*, 437 F.22d 646, 648 (D.C.C. 1970) (quoting *Molinaro v. New*

*Jersey*, 396 U.S. 365, 366 (1970) ("[U]ntil the [defendants] are willing to submit their case for complete adjudication, win or lose, they are disentitled to call upon the resources of the court for determination of their claims.") (alterations and internal quotation marks omitted); *United States v. Shalhoub*, 855 F.3d 1255, 1259 (11th Cir. 2017) (discussing "the difficulty of enforcement against one not willing to subject himself to the court's authority, the inequity of allowing a fugitive to use the resources of the courts only if the outcome is an aid to him, and the need to avoid prejudice to the nonfugitive party") (citations, internal quotation marks, and alterations omitted); *see also In re Kashamu*, 769 F.3d 490, 493 (7th Cir. 2014) ("It's true that Kashamu didn't literally flee the United States, . . . . But he knew he was under indictment in this country, yet rather than come here to fight the validity of the government's charges, he fought tooth and nail (and successfully) to prevent his being extradited . . . . He . . . was functionally a fugitive[.]").

Therefore, the Government respectfully requests that the Court issue an order clarifying that no response to the Motion is required. If the Court decides the Government must respond to the Motion on the merits, the Government respectfully requests 30 days from the date of the Court's order so holding to do so.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

By:     */s/ Maeghan O. Mikorski*
        Maeghan Mikorski
        Assistant United States Attorney
        N.Y. Bar No. 5406202
        United States Attorney's Office
        601 D Street, N.W.
        Washington, D.C. 20530
        Telephone: 202-815-9024
        Email: maeghan.mikorski@usdoj.gov

2