UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

------------------------------------X
                                    )
UNITED STATES OF AMERICA,           )
                                    )
    v.                              )
                                    )   Case No.: 1:22-CR-00369-TSC
VLADISLAV OSIPOV,                   )
                                    )
                Defendant.          )
                                    )
------------------------------------X

**RESPONSE OF VLADISLAV OSIPOV
TO THE GOVERNMENT'S NOTICE OF FILING**

On July 7, 2022, Mr. Osipov filed a motion to dismiss this case. (Dkt. #8). Rather than filing a timely opposition to Mr. Osipov's motion to dismiss, the Government filed a Notice of Filing in which it did not address the merits of Mr. Osipov's motion. (Dkt. #9). Relying on the fugitive disentitlement doctrine, the Government contended it needed the Court "to clarify" whether the Government need respond to Mr. Osipov's motion to dismiss. As set forth in Mr. Osipov's motion and discussed further below, Mr. Osipov is not a "fugitive," the fugitive disentitlement doctrine does not apply to Mr. Osipov, and the Court should resolve his motion on the merits. Because the Government has failed to timely oppose the motion on the merits, the merits may be treated as conceded. *See* LCrR 47(b); *Kaul v. Fed'n of State Med. Boards*, No. 19-CV-3050 (TSC), 2021 WL 1209211, at *6 (D.D.C. Mar. 31, 2021). Accordingly, if the Court agrees with Mr. Osipov that the fugitive disentitlement does not preclude the Court from reaching the merits, it should grant Mr. Osipov's motion to dismiss.

**ARGUMENT**

I. **The authority cited by the Government does not support its argument that the fugitive disentitlement doctrine precludes the Court from resolving the pending motion to dismiss.**

As set forth in Mr. Osipov's motion to dismiss, the fugitive disentitlement doctrine does not apply to Mr. Osipov because he is not a fugitive. (Dkt. #8 at 6-9) (citing *United States v. Bescond*, 24 F.4th 759, 772-73 (2d Cir. 2021); *United States v. $6,976,934.65, Plus Int. Deposited into Royal Bank of Scotland Int'l, Acct. No. 2029-56141070, Held in Name of Soulbury Ltd.*, 554 F.3d 123, 132 (D.C. Cir. 2009)).

Two of the four cases on which the Government relies in its Notice of Filing are wholly irrelevant to this case because it was undisputed in both of those cases that the individuals were fugitives. In *Molinaro v. New Jersey*, 396 U.S. 365, 365-66 (1970) (cited in the Gov't's Notice of Filing at 1-2 (Dkt. #9)), the Supreme Court dismissed the criminal appeal of a bail jumper who fled after conviction. In *Dawkins v. Mitchell*, 437 F.2d 646, 647-48 (D.C. Cir. 1970) (per curiam) (cited in the Gov't's Notice of Filing at 1 (Dkt. #9)), the plaintiffs were members of the Black Panthers who had gone into hiding from Louisiana and Federal warrants. They sued to enjoin the Attorney General from enforcing the warrants. The District Court declined to issue the requested injunction for lack of jurisdiction, and the Court of Appeals affirmed based on the plaintiffs' fugitive status.

The third case on which the Government relies, *In re Kashamu*, 769 F.3d 490 (7th Cir. 2014) (cited in Gov't.'s Notice of Filing at 2 (Dkt. #9)), is also irrelevant. It was a case in which the court determined that the defendant was a fugitive but did not address the fugitive disentitlement doctrine. The Seventh Circuit rejected a petition for writ of mandamus where the defendant argued that the United States lacked personal jurisdiction over him and the government's lack of effort to extradite him for eleven years violated his right to a speedy trial. *Id.* at 492. The

Seventh Circuit reached the merits without invoking the fugitive disentitlement doctrine and refused to issue the writ on multiple grounds. *Id.* at 493 (finding, *inter alia*, no violation of the defendant's speedy trial rights because he was a fugitive).

Indeed, in another case where the Seventh Circuit *did* address the fugitive disentitlement doctrine, it issued a writ of mandamus and ordered the lower court to determine the defendant's motion to dismiss on the merits. *See In re Hijazi*, 589 F.3d 401, 403, 412-13 (7th Cir. 2009) ("We conclude that, under the unusual circumstances of this case, the district court had a duty to rule on Hijazi's motions to dismiss."). The facts in *Hijazi* unlike the facts in *Kashamu*, were similar to those presented by Mr. Osipov. *Hijazi* involved a defendant who was not extraditable from Kuwait, but who had a potentially meritorious motion to dismiss. *See id.* at 403, 412-14.

The Second Circuit recently acknowledged the apparent disparity between the Seventh Circuit's approach in *Kashamu* and *Hijazi* and determined that, with respect to the fugitive disentitlement doctrine, it is *Hijazi* that provides the proper method for assessing an individual's status. *See Bescond*, 24 F.4th at 773 (the fugitive disentitlement doctrine does not apply to someone "who stays at home abroad, without concealment or evasion . . . .").

The final case on which the Government relies, *United States v. Shalhoub*, 855 F.3d 1255 (11th Cir. 2017) (cited in Gov't's Notice of Filing at 2 (Dkt. #9)), was decided on facts very different than this case. *Shalhoub* was a prosecution for international parental kidnapping of a child from Florida to Saudi Arabia. The District Court determined the defendant was a constructive fugitive because he previously lived with the child and her mother in Florida and, after the indictment was brought, he decided not to return to the United States. *See United States v. Shalhoub*, No. 98-CR-00460, 2016 WL 8943847, at *2 (S.D. Fla. Jan. 26, 2016); *see also* Indictment in *United States v. Shalhoub*, No. 98-CR-00460 (S.D. Fl. Jun. 26, 1998) (Dkt. #1)

(alleging that the defendant took the child from Miami). The Eleventh Circuit denied interlocutory appeal and writ of mandamus finding he had significant contacts with the United States. *United States v. Shalhoub*, 855 F.3d 1255, 1262-65 (11th Cir. 2017).

Mr. Osipov has *never* been a resident of the United States. *See United States v. Any & all Funds on Deposit in Acct. No. XXXXX-XXXXXXXX at HSBC Bank PLC, 55 Corp. St., Coventry, United Kingdom*, 87 F. Supp. 3d 163, 168 (D.D.C. 2015) (Cooper, J.) (declining to apply the doctrine to a Thai Native who did not reside in the United States and was not in the United States at the time of indictment); *United States v. Cornelson*, 595 F. Supp. 3d 265, 270 (S.D.N.Y. 2022) (declining to apply the doctrine to a defendant who was not in the United States at the time of the acts alleged in the Indictment and had not been in the United States for at least three years prior).

None of the authority cited by the Government supports its argument that Mr. Osipov is a fugitive. As set forth in Mr. Osipov's motion, he is *not* a fugitive because he did not engage in any of the allegedly criminal conduct while in the United States, has never resided in the United States, did not flee from the United States, and has not concealed himself. *See* (Dkt. #8 at 7) (citing *Bescond*, 24 F.4th at 772).

**II.    By failing to file a timely opposition to Mr. Osipov's motion, the Government has conceded the merits of the motion and relies solely on its fugitive disentitlement doctrine argument.**

This Court's Local Rules require a party to respond to a motion within fourteen days or at another time if directed by the Court. LCrR 47(b). If a party does not file an opposition within the prescribed time, the Court may treat the motion as conceded. *Id.* Because the fugitive disentitlement doctrine, where permissible, is in any event only applied at the discretion of the Court, the Government did not have a good faith basis for seeking "to clarify" whether it had an obligation to comply with the Rules and timely provide the Court with any response to the motion

4

to dismiss it wanted the Court to consider. Mr. Osipov respectfully asks the Court to determine without further briefing that the fugitive disentitlement presents no bar to resolving the motion to dismiss on the merits, which the Court should do, treating the merits as conceded.

"When a party fails to respond to an argument raised in a motion, it is proper to treat that argument as conceded." *Kaul*, 2021 WL 1209211, at *6 (citation omitted). "The local rules provide that a court may treat a motion as 'conceded' if an opposing brief is not filed within the prescribed time. . . . The rule is understood to mean that if a party files an opposition to a motion and therein addresses only some of the movant's arguments, the court may treat the unaddressed arguments as conceded." *Wannall v. Honeywell, Inc.*, 775 F.3d 425, 428 (D.C. Cir. 2014) (citation omitted). This rule also applies if a party fails to respond entirely. *Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1294–95 (D.C. Cir. 2004) (affirming the dismissal of a complaint for failure to respond to a motion to dismiss when counsel offered no valid reason for that failure). This principle is not limited to civil cases and is specifically provided for in the D.D.C. Local Criminal Rules. LCrR 47(b).

As set forth in his motion to dismiss at 10-18, the Indictment should be dismissed because the proper and natural reading of the statute does not support the interpretation of the law on which that Indictment relies. To adopt the expansive interpretation of the law required by the Indictment would result in an unconstitutional application of that statute to Mr. Osipov's alleged conduct. Mr. Osipov respectfully requests that the Court treat the merits arguments, which the Government has failed to address, as conceded and, for the reasons stated in Mr. Osipov's motion to dismiss, the Court should dismiss the Indictment with prejudice.

Dated: July 24, 2023
    Washington D.C.

                                            */s/  Barry J. Pollack*
Barry J. Pollack (DC Bar #434513)
HARRIS ST. LAURENT & WECHSLER LLP
1775 Pennsylvania Avenue, NW, Suite 650
Washington, D.C.
(202) 617-5971
bpollack@hs-law.com

*Attorney for Vladislav Osipov*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 24th day of July 2023, I filed the foregoing responsive pleading through the ECF system, which shall then send an electronic copy of this pleading to all parties in this action.

                                                    */s/ Barry J. Pollack*
                                                       Barry J. Pollack