```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                                                    )
UNITED STATES OF AMERICA,                           )
                                                    )
        v.                                          )
                                                    )   Case No.: 1:22-CR-00369-TSC
VLADISLAV OSIPOV,                                   )
                                                    )
                        Defendant.                  )
                                                    )
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
```

**SURREPLY OF VLADISLAV OSIPOV IN RESPONSE TO
GOVERNMENT'S REPLY IN SUPPORT OF ITS NOTICE OF FILING**

In its Reply (Dkt. # 11) ("Gov't Reply"), the Government takes issue with various authority cited by Mr. Osipov and asks the Court instead to rely on different non-binding authority, much of it dated. Yet, the Government argues this Court should not follow *United States v. Bescond*, 24 F.4th 759 (2d Cir. 2021), which not only, as here, arose in the context of a motion to dismiss a criminal case but is also the most recent circuit court consideration of the fugitive disentitlement doctrine in the context of a foreign citizen who, like Mr. Osipov, has not fled, but merely remains at home abroad.

Contrary to the Government's assertion, the indictment in *Bescond* did not allege facts less directly connected to the United States than those alleged in this case. (Gov't Reply at 3.) The *Bescond* indictment alleged a scheme involving the defendant's employment at a financial institution operating a branch in the United States, causing false information to be published by a data center in New York, a U.S. dollar-based financial product traded on a U.S. exchange, and additional financial products and lending rates bought and sold in the United States, with millions of affected financial transactions in the United States. *United States v. Bescond*, No. 2:17-CR-464 (E.D.N.Y. filed Aug. 24, 2017) (Indictment, Dkt. # 1 ¶¶ 1, 9, 11, 12, 14). The allegations in this

case, taken as true solely for purposes of the motion to dismiss, involve a discrete number of transactions for the purchase of goods and services for use outside the United States and payments for otherwise entirely foreign transactions that passed through U.S.-based correspondent banks.[1]

    The factual allegations in *Bescond* do not make the conduct in that case any further attenuated to the United States than those alleged here. Nor was the attenuation of the alleged conduct the primary basis for the holding in *Bescond*. Rather, its holding rests on the legal definition of a fugitive. *Id.* at 771-72 ("[f]ugitivity implies some action by Bescond to distance herself from the United States or frustrate arrest"). In this most important respect, *Bescond* is indistinguishable from this case. Based on its recency, procedural posture, and factual similarity, this Court should follow *Bescond* and conclude the fugitive disentitlement doctrine has no application in a case that does not involve a fugitive as that word is commonly understood.

    The Government also makes a policy argument, *albeit* one that plainly had no force with the *Bescond* court. The Government argues that declining to invoke the fugitive disentitlement doctrine, even for someone not commonly understood as a fugitive, could open a floodgate of litigation and require the Government to spend time responding. (Gov't Reply at 6 n.4.) However, because the justice system has no interest in upholding an invalid indictment, such challenges are not only appropriate, but desirable. It does not advance any valid policy to insulate the Government from judicial review where it has brought a criminal case based on an improper legal theory.

    Requiring a foreign defendant with no ties to the community in the United States to appear in court in the United States in order challenge a defective indictment would likely subject him to pretrial detention far away from home, family, and employment. Moreover, applying the fugitive

---

[1] The Government argues that the motion to dismiss relies on facts not before the Court. (Gov't Reply at 5.) This is incorrect. Each of the facts relied on in the motion is taken directly from the Indictment and construed as true for purposes of the motion.

disentitlement doctrine to all foreign defendants as the government is advocating, would remove an essential check on the executive branch by the courts as the executive pursues increasingly expansive legal theories against foreign nationals living abroad.

Nor does declining to resolve a motion to dismiss serve the efficient administration of justice. There is no reason for this Court to have a case pending indefinitely, particularly where the indictment is legally deficient. Further, without the Court's ruling on this critical issue, the Government may continue to pursue other cases against foreign nationals under the same flawed legal theory, further clogging the Court's docket with cases that should properly be dismissed.

For the reasons set forth in Mr. Osipov's motion to dismiss, he is not a fugitive, and the fugitive disentitlement doctrine is not applicable to him. Even if the doctrine were applicable, however, the Court should exercise its discretion under that doctrine to decide the pending motion on its merits.

Dated:  Aug. 5, 2023
            Washington D.C.

/s/  Barry J. Pollack
Barry J. Pollack (DC Bar #434513)
HARRIS ST. LAURENT & WECHSLER LLP
1775 Pennsylvania Avenue, NW, Suite 650
Washington, D.C.
(202) 617-5971
bpollack@hs-law.com

*Attorney for Vladislav Osipov*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 5th day of August 2023, I filed the foregoing pleading through the ECF system, which shall then send an electronic copy of this pleading to all parties in this action.

                                                            */s/Barry J. Pollack*
                                                             Barry J. Pollack